## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RONALD DOUGLAS FRIDAY,
           Appellant,

       v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBER
AT-3330-17-0311-I-1

DATE: November 28, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ronald Douglas Friday</u>, Blythewood, South Carolina, pro se.

<u>Eric J. Teegarden</u>, Esquire, Fort McCoy, Wisconsin, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        We agree with the administrative judge's conclusion in the initial decision that the appellant failed to file his VEOA complaint with the Secretary of Labor within 60 days of the date of the alleged violation, as required by 5 U.S.C. § 3330a(a)(2)(A), and did not satisfy the requirements for equitable tolling to apply. Initial Appeal File (IAF), Tab 8, Initial Decision (ID); *see* IAF, Tab 6 at 4-6, 23-49, Tab 7 at 15-16, 18. Because of this, the Board must deny the appellant's request for corrective action. *See Garcia v. Department of Agriculture*, 110 M.S.P.R. 371, ¶ 13 (2009).

¶3        In his petition for review, the appellant argues that the administrative judge did not address his claim that the agency failed to contact him to discuss settlement as ordered. Petition for Review (PFR) File, Tab 1 at 4. The appellant, however, did not raise this issue during the adjudication of his appeal before the administrative judge. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). There has been no showing of these circumstances. Notwithstanding, the appellant has not

demonstrated how the agency's failure to contact him regarding settlement prejudiced any of his substantive rights, and the allegation provides no basis to reverse the initial decision. *See Mobery v. Department of the Navy*, 65 M.S.P.R. 110, 114-15 (1994).

¶4        The appellant then cites his unfamiliarity with the deadline in filing a VEOA complaint as a reason to grant his petition for review. PFR File, Tab 1 at 4. The U.S. Supreme Court has held that "excusable neglect" does not warrant equitable tolling of a statutory filing deadline. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see Wood v. Department of the Air Force*, 54 M.S.P.R. 587, 593 (1992). Equitable tolling applies when the claimant has actively pursued judicial remedies by filing a defective pleading during the statutory period or when the claimant was induced or tricked by his/her adversary's misconduct into allowing the filing deadline to pass. *Irwin*, 498 U.S. at 96. As mentioned above, we agree with the administrative judge's finding that equitable tolling does not apply in this case. ID at 5-6.

¶5        The appellant also argues on review that the Board should hold a hearing to address his VEOA claim. PFR File, Tab 1 at 4. VEOA complainants, though, do not have an unconditional right to a hearing before the Board, and the Board may dispose of such an appeal without a hearing. *Coats v. U.S. Postal Service*, 111 M.S.P.R. 268, ¶ 13 (2009); *see* 5 C.F.R. § 1208.23(b). Disposition of a VEOA appeal without a hearing is appropriate when there is no genuine dispute of material fact and one party must prevail as a matter of law. *Coats*, 111 M.S.P.R. 268, ¶ 13. A decision on the appellant's VEOA appeal without a hearing was proper in this instance because, as the administrative judge correctly found, there was no genuine dispute of material fact that the appellant untimely filed a VEOA complaint with the Secretary of Labor and equitable tolling does not apply. ID at 5-6; IAF, Tab 6 at 4, 6, 23-49, Tab 7 at 15-16, 18. The issues were fully developed through the parties' pleadings, and there is no basis for any

other conclusion.  IAF, Tabs 4, 6-7.  Under the undisputed facts presented, the agency prevails as a matter of law.  *See Garcia*, 110 M.S.P.R. 371, ¶ 13 n.4.

¶6     The appellant further contends on review that the agency should not receive a "free pass" for not responding to his communications regarding his ineligibility rating and nonselection.  PFR File, Tab 1 at 4-5.  However, the administrative judge considered this argument in the initial decision when determining that equitable tolling does not apply, and there is no reason to disturb this conclusion.  ID at 5-6.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.